Our next case is Jacobson v. United States, 24-1990. Mr. Besser, you set aside three minutes of your time for rebuttal, correct? Yes, Your Honor. Okay, we're ready for yours, Counselor. May it please the Court, Jeffrey Besser representing Ms. Jacobson, plaintiff-appellant in this case. I'd like to propose a simple hypothetical simply to try to clarify the issues. Let's suppose we have a money-mandating statute, and we know it's a money-mandating statute because this Court has reviewed it and considered it and made a decision exactly on the point. Congress then, later, passes a statute that says what 4208 says. This is what? That says no court shall have jurisdiction to review any of this. And let's further suppose that this money-mandating statute is of the kind that gives one a Fifth Amendment protected property interest. I would think that most money-mandating statutes do that, but it's possible they don't. The question here is, in the initial case where this Court found money-mandating, there's no question about jurisdiction, right? The Court wouldn't have issued its order. So now Congress comes along and says, no court can review this. Right, the Court's constrict jurisdiction of the statutory claims, right? Correct. You agree with that, right? Oh, yes, absolutely. The Court's constrict jurisdiction of the statutory claims. Yes, as a general principle, subject, of course, to Boumediene. And so the question here is not whether Congress can do that, whether it violates the due process. That's not before the Court. Well, that's not a claim for the Court of Federal Claims anyway. No, no, no, no. Let me finish the hypothetical. Somebody now brings a claim under the money-mandating statute, and the government comes in and says, no, no, there's no jurisdiction here. The question is, is the Court going to then apply a different jurisdictional analysis than it did in Fisher? Solely because, because in my hypothesis, I understand, why wouldn't it? If the Court comes, if the Congress comes in and says, look, we've got this whole host of claims out here challenging an executive branch decision that the Federal Circuit has said can be challenged in the Court of Federal Claims, and they say, we don't like that. We don't want them challenged in the Court of Federal Claims. And they say, none of those decisions by this executive branch official can be challenged in the Court of Federal Claims. If they say that, then that decision can't be challenged in the Court of Federal Claims, whether or not it's a money-mandating statute, right? Well, I want to make sure it's no court. It's not just the Court of Federal Claims, because that might add something. So we'll get there. You agree that if Congress came in and said, the Court of Federal Claims cannot hear challenges to the Attorney General's decisions under this statute, then the Court of Federal Claims would lack jurisdiction? If it specifically said the Court of Federal Claims? I mean, that's a different issue than. I'm asking you hypothetically. Yeah, I think that's probably right. Well, how can it not be right? You started with agreeing that Congress can remove jurisdiction strip from courts. Yes, for statutory claims. We're not talking about constitutional claims. We're talking about statutory claims. So if Congress says, the Court of Federal Claims can't hear the statutory claim, even if under its other jurisdictional statutes it could, then it can't hear it, right? What difference does it make if Congress decides it not only doesn't want the Court of Federal Claims to hear it, it doesn't want district courts to hear it under APA actions? Right. And so it says, no courts can hear this claim. Because they don't want to go through step by step and say, well, the Court of Federal Claims can't hear it under the Tucker Act. The district courts can't hear it under the APA. The district courts can't hear it under some other potential jurisdictional provision. They say, no courts shall have jurisdiction. That's the key thing. So no courts in this country under this statute has jurisdiction to review the Attorney General's determination under this statute. Correct. Well, then you would have to find a court that would be able to decide the issue of whether due process allowed Congress to do that. Because the law is actually- The Court of Federal Claims is certainly not that court. Oh, no. That's- I'm sorry. Supposing Congress never passed the act? Which one? The original money mandating statute or the- The Financial Institutions Anti-Fraud Enforcement Act. OK. They never passed it. Would your client have any rights to monetary compensation? No. I mean, her rights depend entirely on what FIIA says. OK. So in doing that, they limited any rights. Do you agree with that? Limited in what sense, Your Honor? They said no court has jurisdiction to determine. I am not arguing that they didn't intend to do that. I suspect that they didn't think about this issue, but it doesn't matter. I think they clearly thought about this issue when they said no courts can review the Attorney General's decision. They meant it to be entirely within the discretion of the Attorney General. Do you disagree? I don't disagree. For purposes of- So- I agree. Congress intended to keep this court from hearing this case. In order for your client to have rights, they have to act solely under a congressional statute which strips her of those rights. I wouldn't. I would sue under the money mandating statute. By hypothesis, the money- It doesn't matter if there's a money mandating statute or not. If Congress says, despite a money mandating statute, the Court of Federal Claims lacks jurisdiction, they've taken away jurisdiction under the Tucker Act for that particular money mandating statute. But they didn't. They did not take away this court's Tucker Act jurisdiction. How can you read that otherwise when they say no court shall have jurisdiction? Your view then is that the Congress, if they want to take away Tucker Act jurisdiction, has to specify we're taking away Tucker Act jurisdiction. No, but in this case- No, no. So what difference is there if Congress says no court, and you agree the Court of Federal Claims is a court- Oh, yeah. No court shall have jurisdiction- Yes. Versus the Court of Federal Claims shall not have jurisdiction. The reason is, is because if the underlying statute creates a Fifth Amendment right, Congress can't do that. No, no, no, no, no, no, no. We're not talking about constitutional stuff here. You did not plead this as a taking. No, no, I'm just talking about money-  Don't talk to me about the Fifth Amendment. We're talking about a money mandating statute.  Congress can determine that the Court of Federal Claims does not have jurisdiction, even if it is a money mandating statute, right? It could. Sure. And it did, because it said no court. But it didn't say that if this was a Tucker Act jurisdiction- This is a dumb argument. Yeah, you're- Why would Congress have to say specific courts when it doesn't want any court? But why can't it just say any court? It can say any court. And if it does that and violates the Constitution, then the person- Then you need to make that constitutional argument in a court that has jurisdiction to hear it. And that is not the Court of Federal Claims. What is your point? That before the case can be heard, there's got to be a determination whether the statute is money mandating?  And there's subject matter jurisdiction, or do you first have to have a determination whether or not there's subject matter jurisdiction, and then you get into whether the statute's money mandating? I'm not sure I understand the difference in this. Well, we're trying to get to the bottom of your argument. Right. It seems to me that that's the argument that you make, at least in your brief, and you seem to be making it now, that the decision of whether there's subject matter jurisdiction has to come first before you decide whether a statute's money mandating or not. No. Okay, is it the other way- Well, no, because- Hold, hold, sir. Is it the other way around, then? Well, this court wouldn't have jurisdiction if it wasn't money mandating. Let's agree that this is a money- Right. Let's agree this is a money-mandating statute. Okay. Who cares? Congress has already said no court shall have jurisdiction. I understand. I understand. How can it be money mandating if it says that you can't get money by suing? That's an argument the government made. Let's look at Boumediene, right? No, answer my question.  Let's just assume this is money mandating.  And so normally it would be under the Tucker Act. Right. What difference does it make? Congress has already said the court can't review that question. The Tucker Act, this court does have jurisdiction for Fifth Amendment-taking claims, correct? You did not make a Fifth Amendment-taking claim. Stop talking about the Fifth Amendment. Can Congress remove jurisdiction over a money-mandating statute under the Tucker Act? Yes. Did they? Yes. That's the end of the case. Can we just talk about courts in general? Because once you start talking about Article I versus Article III, there's all kinds of- We're in the Court of Federal Claims, which gets appealed to our court. I don't care if you could have gone to district court and said, this jurisdiction-stripping provision violated the Due Process Clause. I would guarantee you that they would also look at this and say, it doesn't matter. We don't have jurisdiction to review this. But that's a case you can go to district court, not the Court of Federal Claims.  This is my argument, that under Fisher, the court has to determine whether a statute is money-mandating or not in order to determine- But the point is, who cares? Fisher didn't deal with the jurisdictional provision. If we agree with you that this statute is money-mandating under the Tucker Act-  What's the result? The result is the Court of Claims will have to decide whether 4208, as applied in this case, is constitutional or not. No. It's not a cause of action. No, no, no. Why? You don't get to ask me questions. I'm sorry, Your Honor. What basis do you think that they would get to decide whether it's constitutional or not? Answer that, Justice Kennedy. I mean, there are all kinds of issues that come up. You've got to make the argument. And if your argument is that they have independent jurisdiction to decide whether a jurisdictional stripping provision violates due process, then you're wrong. The Court of Federal Claims does not have due process clause jurisdiction. No, it would only be as applied. Leaving aside the jurisdictional exegesis, how do you deal with the determination of below that your client participated in the crime she reported? Well, there was no determination by the Court. In fact, the Judge Meyer explicitly said, for purposes of this decision, I'm assuming that Ms. Jacobson would have qualified and would have been entitled. So there's no distinction. Second of all, I have- There's a lot of facts that are not before the Court that would be relevant to Your Honor's question, but in any case, that was assumed away by Judge Meyer's decision. Okay, Mr. Bessler, you're out of time. You've got three minutes left for rebuttal. You want to save it? I'll save it. Thank you, Your Honor. Let's hear from Mr. Counselor Kushner. Do you have anything to say? Not unless the Court has any questions. Nope. Thank you. I don't think so. So you're back up, Mr. Bessler. I think that would be superfluous, Your Honors. Is that it? Let me stand in front of the podium. Thank you, Your Honor, for listening to my argument. We thank you for your presence and your arguments. All counsel. Thank you for your- This case has now taken their submission.